# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA

## CHAPTER 13 PLAN - AMENDED
## AND RELATED MOTIONS

Name of Debtor(s):  **Koya Monea Dixon**                              Case No:  **10-38768**

This plan, dated __**March 21, 2014**__, is:

☐ the *first* Chapter 13 plan filed in this case.
☒ a modified Plan, which replaces the
☒ confirmed or ☐ unconfirmed Plan dated **June 25, 2012**.

    Date and Time of <u>Modified Plan</u> Confirming Hearing:
    **April 30, 2014 at 11:10 AM**
    Place of <u>Modified Plan</u> Confirmation Hearing:
    **701 E. Broad St. Rm. 5100, Richmond, VA 23219**

    The Plan provisions modified by this filing are:
    **1, 3, 4, 5, 11**

    Creditors affected by this modification are:
    **First 1 Financial, Henrico County, unsecured creditors**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

    Total Assets: **$180,980.00**
    Total Non-Priority Unsecured Debt: **$28,443.28**
    Total Priority Debt: **$40.00**
    Total Secured Debt: **$144,204.29**

1. **Funding of Plan.**  The debtor(s) propose to pay the trustee the sum of **$236.30 Monthly for 39 months (through March 2014), then $180.00 Monthly for 2 months**. Other payments to the Trustee are as follows:   **NONE**  . The total amount to be paid into the plan is $   **9,535.58**   .

2. **Priority Creditors.**  The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. § 1326.**

       1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
       2. Debtor(s)' attorney will be paid $  **2,734.00**   balance due of the total fee of $   **3,000.00**   concurrently with or prior to the payments to remaining creditors

    B. **Claims under 11 U.S.C. §507.**
       The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **County of Henrico*** | **Taxes and certain other debts** | 40.00 | **Prorata**<br>**40 months** |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A. **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

    This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.**
    The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| **-NONE-** | | | | |

    B. **Real or Personal Property to be Surrendered.**

    Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim.  Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **Carrington Mortgage Srvcs*** | **Single family dwelling, princ. res. located at 1924 Daffodil Lane, Richmond, VA 23231** | **160,700.00** | **134,759.00** |
| **Henrico County Treasurer*** | **Single family dwelling, princ. res. located at 1924 Daffodil Lane, Richmond, VA 23231** | **160,700.00** | **3,304.35** |
| **Springleaf Financial** | **Same as above** | **$160,700** | **$7,874.00** |

### C. Adequate Protection Payments.

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| | | | |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

### D. Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| | | | | |

### E. Other Debts.

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

## 4. Unsecured Claims.

**A. Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __0.75__ %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0__ %.

**B. Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

5. **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

   A. **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **First 1 Financial** | 2002 Lexus | $389.00 | 2,437.25 – balance due on cliam. Debtor will pay directly | | 2 months | |
| **Henrico County** | 2002 Lexus | | $264.68 – to be paid directly by debtor – See section 11 below | | | |

   B. **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

   C. **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt& Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

6. **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

   A. **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy

B. **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

7. **Liens Which Debtor(s) Seek to Avoid.**

   A. **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

   B. **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

8. **Treatment and Payment of Claims.**

   • All creditors must timely file a proof of claim to receive payment from the Trustee.
   • If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   • If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
   • The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

9. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10. **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

**11.**    **Other provisions of this plan:** **Debtor proposes to treat City of Richmond and County of Henrico proofs of claim filed as secured utility debt liens against her home that she is now surrendering as unsecured due to the surrender of the real estate that is claimed as security for the debt.**

**Debtor is proposing to pay the balance of her car note directly and per contract. No further payments to First 1 Financial will be made through this plan and no additional payments are provided for in the plan to be made to First 1 Financial. Debtor will also pay all secured debt owed to Henrico County per the claim filed by Henrico County for personal property taxes owed to the county for her vehicle.**

**Signatures:**

**Dated:**   **March 21, 2014**

**/s/ Koya Monea Dixon**                                        **/s/ Ellen P. Ray**
**Koya Monea Dixon**                                             **Ellen P. Ray 32286**
**Debtor**                                                               **Debtor's Attorney**

**Exhibits:**     Copy of Debtor(s)' Budget (Schedules I and J);
                 Matrix of Parties Served with Plan

Certificate of Service

    I certify that on   **March 26, 2014**  , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

                                      **/s/ Ellen P. Ray**
                                      **Ellen P. Ray 32286**
                                      Signature

                                      **1701 W. Main Street**
                                      **Richmond, VA 23220**
                                      Address

                                      **804-355-1800**
                                      Telephone No.

Ver. 09/17/09 [effective 12/01/09]

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com            Best Case Bankruptcy

**B6I (Official Form 6I) (12/07)**

In re **Koya Monea Dixon**  
Debtor(s)  

Case No. **10-38768**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Single** | RELATIONSHIP(S):<br>**Niece**<br>**Son** | AGE(S):<br>**17**<br>**2** |

| **Employment:** | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Nail Specialist** | |
| Name of Employer | **Red Door Salons, Inc** | |
| How long employed | **1 year** | |
| Address of Employer | **222 S. Mill Ave. Ste 201**<br>**Tempe, AZ 85281** | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ **2,367.73** | $ **0.00** |
| 2. Estimate monthly overtime | $ **0.00** | $ **0.00** |
| 3. SUBTOTAL | $ **2,367.73** | $ **0.00** |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and social security | $ **342.27** | $ **0.00** |
|    b. Insurance | $ **178.77** | $ **0.00** |
|    c. Union dues | $ **0.00** | $ **0.00** |
|    d. Other (Specify): **401K** | $ **71.02** | $ **0.00** |
|       **Health Savings** | $ **43.33** | $ **0.00** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ **635.39** | $ **0.00** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ **1,732.34** | $ **0.00** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ **0.00** | $ **0.00** |
| 8. Income from real property | $ **0.00** | $ **0.00** |
| 9. Interest and dividends | $ **0.00** | $ **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ **0.00** | $ **0.00** |
| 11. Social security or government assistance (Specify): | $ **0.00** | $ **0.00** |
|  | $ **0.00** | $ **0.00** |
| 12. Pension or retirement income | $ **0.00** | $ **0.00** |
| 13. Other monthly income (Specify): **1/12 annual tax refund** | $ **316.00** | $ **0.00** |
|     **Roomate Rent/Bills** | $ **1,300.00** | $ **0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ **1,616.00** | $ **0.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ **3,348.34** | $ **0.00** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ **3,348.34** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:  
   **Roommate moved in Dec. 20**

**B6J (Official Form 6J) (12/07)**

In re **Koya Monea Dixon**            Case No. **10-38768**

Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

    Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 828.76 |
|    a. Are real estate taxes included?  Yes ___  No **X** | |
|    b. Is property insurance included?  Yes ___  No **X** | |
| 2. Utilities:  a. Electricity and heating fuel | $ 225.00 |
|              b. Water and sewer | $ 50.00 |
|              c. Telephone | $ 0.00 |
|              d. Other **See Detailed Expense Attachment** | $ 290.00 |
| 3. Home maintenance (repairs and upkeep) | $ 45.00 |
| 4. Food | $ 420.00 |
| 5. Clothing | $ 100.00 |
| 6. Laundry and dry cleaning | $ 15.00 |
| 7. Medical and dental expenses | $ 30.00 |
| 8. Transportation (not including car payments) | $ 400.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 98.44 |
| 10. Charitable contributions | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|              a. Homeowner's or renter's | $ 0.00 |
|              b. Life | $ 0.00 |
|              c. Health | $ 0.00 |
|              d. Auto | $ 186.14 |
|              e. Other | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
|         (Specify) | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|              a. Auto | $ 0.00 |
|              b. Other | $ 0.00 |
|              c. Other | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| 17. Other **See Detailed Expense Attachment** | $ 480.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ 3,168.34 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---:|
| a.  Average monthly income from Line 15 of Schedule I | $ 3,348.34 |
| b.  Average monthly expenses from Line 18 above | $ 3,168.34 |
| c.  Monthly net income (a. minus b.) | $ 180.00 |

**B6J (Official Form 6J) (12/07)**

In re **Koya Monea Dixon**            Case No. **10-38768**

Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
## Detailed Expense Attachment

**Other Utility Expenditures:**

| | |
|---|---:|
| Telephone/Cable/Internet | $ 185.00 |
| Gas | $ 95.00 |
| Community Association Dues | $ 10.00 |
| **Total Other Utility Expenditures** | **$ 290.00** |

**Other Expenditures:**

| | |
|---|---:|
| daughter's school expenses and lunches | $ 150.00 |
| grooming and personal products | $ 180.00 |
| misc expenses | $ 150.00 |
| **Total Other Expenditures** | **$ 480.00** |

Dixon, Koya - 10-38768

Office of the US Trustee
701 E. Broad Street, Ste 4304
Richmond, VA 23219

Certegy Payment Recovery Serv
Claims Accounting
11601 Roosevelt Blvd.
Saint Petersburg, FL 33716

Commonwealth Anesthesia Ass x
PO Box 35808
Richmond, VA 23235-0808

Advance America x
9070 W. Broad Street
Richmond, VA 23294

Check City*
Collections Dept
PO Box 970183
Orem, UT 84097

Complete Care Center For Wom x
PO Box 70219
Henrico, VA 23255

AFNI
404 Brock Drive
PO Box 3427
Bloomington, IL 61702-3427

Check n Go x
109 E. Broad Street
Richmond, VA 23219

County of Henrico x
Dept. of Public Utilities
P.O. Box 90775
Henrico, VA 23273-0775

AFNI x
PO BOX 3097
Bloomington, IL 61702

Check Smart/BCCI x
5720 Avery Rd.
Dublin, OH 43016-8755

County of Henrico*
Personal Property Tax Dept.
P.O. Box 90775
Richmond, VA 23273-0775

AMCA Collection Agency
2269 S. Saw Mill River Rd.
Building 3
Elmsford, NY 10523

Chippenham Pediatrics & Med x
7159 Jahnke Road
Richmond, VA 23225

CRA Collections
PO Box 2103
Mechanicsburg, PA 17055

American General Finance*
Spring Centre Shopping Ctr
7144 Mechanicsville Turnpike
Mechanicsville, VA 23111-3628

City of Richmond
Dept. of Finance
900 E. Broad St., Room 102
Richmond, VA 23219

Credit Adjustment Board
306 East Grace Street
Richmond, VA 23219

American Service Insurance x
150 Northwest Point
Elk Grove Village, IL 60007

City of Richmond*
Dept. of Public Utilities
730 E. Broad St 5th Floor
Richmond, VA 23219

Credit Collection Services
Two Wells Avenue
Dept 9134
Newton, MA 02459

Carrington Mortgage Srvcs*
PO Box 54285
Irvine, CA 92619-4285

CJW Medical Center*
PO Box 99400
Louisville, KY 40269

Crestwood Management,LLC
P.O. Box 22630
Beachwood, OH 44122-0630

Cavalier Telephone*
PO Box 9001111
Louisville, KY 40290

Collectech Service Dept.
P.O. Box 361567
Columbus, OH 43236

Darbytown Meadows Homeowners
4222 Cox Road #110
Glen Allen, VA 23060

CBCS
P.O. Box 2589
Columbus, OH 43216

Comcast Communications x
PO Box 3005
Southeastern, PA 19398-3005

Dominion Virginia Power x
PO Box 26543
Richmond, VA 23290

Eastern Accounts System x
75 Glen Hook Rd, Ste.110
Sandy Hook, CT 06482

Focused Recovery Solutions x
9701 Metropolitan Court
Suite B
Richmond, VA 23236

Labcorp x
P.O. Box 2240
Burlington, NC 27216-2240


Elizabeth Arden Red Door Spa x
4210 Corner West Ave.
Fairfax, VA 22030

Food Lion Check Recovery x
PO Box 1549
Salisbury, NC 28145

Law Offices of David Green, PC
1616 East Indian School Road
Suite #450
Phoenix, AZ 85016


ER Solutions
800 SW 39th Street
Renton, WA 98057

Glacial Star Group
150 Montor Pkwy.
Hauppauge, NY 11788

LCA Collections
PO Box 2240
Burlington, NC 27216-2240


Evercom Systems x
14651 Dallas Pkwy
Dallas, TX 75254

Hanover Insurance Group x
559 Frost Avenue #104
Warrenton, VA 20188

MCV Physicians*
PO Box 91747
Richmond, VA 23291


Family Dollar 4317 x
6401 Jahnke Road
Richmond, VA 23225

Henrico Commonwealth's Attrny.
Check Enforcement Program
P.O. Box 27032
Henrico, VA 23273

Nationwide Insurance
Attn: Tommy R. Fincher
5217 S. Laburnum Ave.
Henrico, VA 23231


Financial Training LTD. x
2809 Emerywood Pkwy.
Suite 380
Henrico, VA 23294

Henrico County Public Library*
1001 N. Laburnum Ave.
Richmond, VA 23223-2705

NCO Financial Systems
P.O. Box 15740
Wilmington, DE 19850-5740


First 1 Financial*
PO Box 5129
600 Corwainer Drive
Norwell, MA 02061

Henrico County Treasurer*
Personal property taxes
Po box 90775
Henrico, VA 23273-0775

North Shore Agency, Inc.-NU1
PO Box 9205
Old Bethpage, NY 11804-9005


First Premier Bank*
PO Box 5147
Sioux Falls, SD 57117-5147

Henrico County*
Dept. of Utilities - R. South
PO Box 90775
Henrico, VA 23273-0775

Ogden Check Approval Network
4646 Princess Anne Road #104
Virginia Beach, VA 23462


Firstsource Fin. Solns., LLC
f/k/a Firstsource Fin.Sol.Inc.
P.O. Box 33149
Phoenix, AZ 85067-3149

Joseph, Mann & Creed
A Collection Agency
20600 Chagrin Blvd., Ste.550
Beachwood, OH 44122-5616

Orkin Pest Control
851 S. Marietta St., Ste.300
South Bend, IN 46601


Focused Recovery Solutions
9701 Metropolitan Court
Suite B
Richmond, VA 23236

KCRC x
P.O. Box 30650
Salt Lake City, UT 84130-0650

Parrish & Lebar
5 East Franklin Street
Richmond, VA 23219

Rite Aid Corp
c/o CRA Sec Sys
PO Box 2103
Mechanicsburg, PA 17055-2103

US Weekly
PO Box 8263
Red Oak, IA 51591-1253

ROI Services, Inc.
P.O. Box 2488
Reston, VA 20195-0488

VCU Health System
P.O. Box 758721
Baltimore, MD 21275-8997

Schettine & Nguyen,PLC
319 W Franlin Street
Second Floor
Richmond, VA 23220

VCU Health System*
PO Box 758721
Baltimore, MD 21275

Sprint*
P.O. Box 660075
Dallas, TX 75266-0075

VCU Health System-MCV Hospita*
Set-Off Debt Section
PO Box 980462
Richmond, VA 23298-0462

T-Mobile
PO Box 660252
Dallas, TX 75266

Verizon Virginia, Inc*
500 Technology Dr.
Saint Charles, MO 63304

Transamerica Life Ins. Co.
Vision Fin. Corp,
PO Box 506
Keene, NH 03431-0506

Victoria Insurance Group
c/o CCS
Two Wells Ave
Newton, MA 02459

Travelers Remittance Center
One Tower Square
Hartford, CT 06183-1001

West Asset Managment
PO Box 790113
Saint Louis, MO 63179

Tridentasset.com
5755 Northpoint Pkwy Ste.
Alpharetta, GA 30022

Ukrop's
600 Southlake Blvd.
Richmond, VA 23236

United Consumers
PO Box 4466
Woodbridge, VA 22194-4466